UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARTON GELLMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 16-0635 (CRC) |

**JOINT STATUS REPORT**

Defendants, Department of Homeland Security, Department of Justice, and the Office of the Director of National Intelligence (collectively, "Defendants"), along with Plaintiff, Barton Gellman ("Plaintiff"), by and through the undersigned, hereby submit this Joint Status Report pursuant to this Court's June 9, 2016 Order. ECF No. 12.

Beginning in January 2015, Plaintiff submitted requests pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act ("PA") to a number of federal agencies, including Defendants, that he reasonably believed possessed records concerning him. On April 4, 2016, Plaintiff filed the above-captioned lawsuit relating to twelve of those requests (hereinafter, the "FOIA/PA Requests"). On June 9, 2016, this Court entered a Scheduling Order. ECF No. 12. The Scheduling Order required, *inter alia*, the Parties to file a joint status report by May 22, 2017, updating the Court on the status of the FOIA/PA Requests. *See id.*

Following entry of that Scheduling Order, Defendants have been processing records that are potentially responsive to the FOIA/PA Requests and releasing responsive, non-exempt records to Plaintiff on a monthly basis. To date, Defendants have processed 61,246 pages of records in response to the FOIA/PA Requests.

As noted in the Parties' March 22, 2017 Joint Status Report, there were three categories of documents for which processing was not yet complete.  *See* ECF No. 17.

*First*, DHS Headquarters ("DHS-HQ") had not yet completed its processing of Plaintiff's FOIA/PA Request.  *See* ECF No. 17 at 2.  As noted in the Parties' September 21, 2016 Joint Status Report, DHS-HQ had identified approximately 45,000 potentially responsive records.  *See* ECF No. 14 at 2.  In order to manage the review of these records, the Parties agreed that DHS-HQ may implement certain review protocols.  ECF No. 15 at 2.  With those protocols in place, DHS-HQ issued its final response to Plaintiff on May 9, 2017, and has no further records to process in response to Plaintiff's FOIA/PA Request.

*Second*, the Parties noted that the Transportation Security Administration ("TSA") was reprocessing a small set of records in accordance with *Am. Immigration Lawyers Assoc. v. Exec. Office of Immigration Review, et al.*, 830 F.3d 667 (D.C. Cir. 2016).  *See* ECF No. 17 at 2.  TSA has completed reprocessing these records and released the reprocessed records to Plaintiff on May 8, 2017.

*Third*, the Parties noted that certain records were still subject to inter-agency referrals.  *See* ECF No. 17 at 2.  At present, those records are still being reviewed through the inter-agency referral process.  These are the only records for which processing is not yet complete.  As there remains only a small number of records to be processed through the inter-agency review process, Defendants are no longer in a position to process 400 pages per month.  Accordingly, going forward, Defendants will continue to process the small number of remaining records expeditiously and will release those records as their review is complete.  Counsel for Defendants is currently working to determine the status of each record that was subject to inter-agency referral.  Thereafter, the Parties will meet and confer regarding a reasonable schedule for the completion of

the inter-agency referral process.

The Parties believe that the current Scheduling Order, which requires the Parties to submit joint status reports to the Court every sixty (60) days continues to be reasonable. In accordance with that Scheduling Order, the Parties will submit another joint status report on or before July 22, 2017, updating the Court on the status of Defendants' processing of records in response to the FOIA/PA Requests. Further, the Parties have agreed that, after the inter-agency referral process, they will meet and confer and file a joint status report with the Court, updating it on what, if any, issues remain related to each Defendant's processing of Plaintiff's FOIA/PA Requests. If the Parties determine that dispositive motion practice will be necessary, they will submit a proposed order setting a briefing schedule for dispositive motion practice concurrently with that status report.

Dated: May 22, 2017

    Respectfully submitted,

    */s/ Katie Townsend*
    Katie Townsend
    DC Bar No. 1026115
    THE REPORTERS COMMITTEE FOR
    FREEDOM OF THE PRESS
    1156 15th St. NW, Suite 1250
    Washington, DC 20005
    Phone: 202.795.9300
    Facsimile: 202.795.9310
    Email: ktownsend@rcfp.org

    *Counsel for Plaintiff Barton Gellman*

    CHANNING D. PHILLIPS
    D.C. Bar #415793
    United States Attorney

    DANIEL F. VAN HORN
    D.C. Bar #924092
    Chief, Civil Division

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
Email: Brian.Field@usdoj.gov

*Counsel for Defendants*